Stanley John REYNOLDS, Appellant,

v.

Donald R. NOWOTNY, Appellee.

No. 54551.

Supreme Court of Iowa.

Sept. 9, 1971.

Nicholas V. Critelli, Jr., and William F. Denman, Des Moines, for appellant.

James W. Crawford and Gene V. Kellenberger, Cedar Rapids, for appellee.

MASON, Justice.

Plaintiff, Stanley John Reynolds, instituted a law action to recover damages for injuries suffered as a result of an automobile collision in Johnson county April 30, 1968. He appeals from the trial court's ruling sustaining the pretrial motion of Donald P. Nowotny, Sr., to strike and dismiss his petition and the special appearance of Donald P. Nowotny, Jr.

The original notices, petitions, amendment thereto, motions and rulings involved have been certified to this court.

Plaintiff filed his petition in Johnson county April 29, 1970 naming Donald R. Nowotny as defendant in the caption. In paragraph four Reynolds alleged defendant Donald *W*. Nowotny was operating a 1967 Pontiac automobile "owned by himself" at the time in such negligent manner as to proximately cause a collision with plaintiff's vehicle. The same day plaintiff caused to be delivered to the sheriff of Iowa county an original notice with copy of petition attached. Donald R. Nowotny was named defendant in the caption and the notice was directed to "Donald R. Nowotny, the above named defendant." The Iowa county sheriff certified in his return of service he had served the notice on Donald R. Nowotny.

May 19, Donald P. Nowotny, Sr., a resident of Iowa county, filed motion to dismiss pursuant to rule 104(b), Rules of Civil Procedure, alleging, (a) he, Donald P. Nowotny, is apparently the defendant in plaintiff's action, having been served by the sheriff of Iowa county, (b) he was neither driver nor occupant in the car at the time of the accident, and (c) plaintiff's petition based on active negligence therefore does not state a claim upon which relief could be granted. Defendant supported his motion with his own affidavit and the affidavit of the sheriff of Iowa county.

June 2, plaintiff filed what he entitled, "Plaintiff's Amendment to Title, Original Notice and Petition." By this amendment Reynolds changed the caption in the petition and original notice and the salutation clause of the notice to read "Donald P. Nowotny, Jr., and Donald P. Nowotny, Sr.,

defendants." He struck paragraph four from the petition and alleged in lieu thereof Nowotny, Jr., negligently operated the car with the consent and permission of Nowotny, Sr. The same day, Donald P. Nowotny, Jr., was served with original notice, petition and plaintiff's amendment by sheriff of Iowa county.

The notice and petition were copies of those served on Donald *P.* Nowotny, Sr., except the reference in paragraph four of the petition was made to Donald *R.* The amendment served was a copy of "Plaintiff's Amendment to Title, Original Notice and Petition." These papers were delivered to the sheriff June 2.

On June 4, Nowotny, Sr., moved the court to strike plaintiff's amendment of June 2 on the ground the amendment changed Reynolds' theory of defendant's liability and plaintiff's claim was barred by the statute of limitations.

June 11, Nowotny, Jr., filed a special appearance attacking the jurisdiction of the court and in support thereof asserted, (a) he was served on June 2 with original notice, petition at law, and "Plaintiff's Amendment to Title, Original Notice and Petition," (b) such service was more than two years after the incident giving rise to plaintiff's action, and (c) the court has no jurisdiction of the subject matter by reason of section 614.1(2), The Code.

July 29, the court sustained Nowotny, Sr.'s motion to strike and the special appearance of Nowotny, Jr., on the theory plaintiff's amendment changed defendant's basis of liability and pleads a new and independent cause of action, and delivery of original notice to sheriff of a county other than where defendant resides is not a "proper county" as contemplated by rule 49, R.C.P.

July 31, the trial court amended its ruling by deleting its previous remark on "proper county" and by sustaining Nowotny, Sr.'s motion to dismiss.

Plaintiff on appeal contends the trial court erred in: (1) sustaining defendant's motion to strike plaintiff's amendment to title, original notice and petition and (2) sustaining defendant Donald P. Nowotny, Jr.'s special appearance. He neither assigns as error nor argues the court's ruling on Nowotny, Sr.'s motion to dismiss.

I. Plaintiff argues his stricken amendment was merely to clarify any confusion by adding more information relating to identity of defendant.

Defendant, on the other hand, argues plaintiff cannot amend his petition to allege a different theory of recovery after expiration of the statute of limitations upon his original cause of action.

Much of the confusion in this case stems from the ambiguity in identity of defendant and plaintiff's intentions. The plaintiff and defendant begin their arguments with different, conflicting assumptions.

From the outset plaintiff's argument is geared to the proposition defendant, as named in the original petition and notice, was intended to be Nowotny, Jr., and the sheriff simply served the wrong man. Defendant, in return, joins in the trial court's assumption and treats all developments as if the man actually served, Nowotny, Sr., was in fact intended to be served.

Plaintiff, who would urge that "the wrong man" was served, supports his assignment of error by relying on two propositions: (1) insertion, deletion, or error with respect to an individual's middle initial is immaterial in identifying a party, (2) insertion or deletion with respect to the character "Jr." is not determinative of a person's identity but is only surplusage. Plaintiff argues the petition of April 29 was sufficiently specific to meet the requirement of the Rules of Civil Procedure and his amendment should be allowed to stand since, as stated, it merely clears any confusion that may have arisen.

Strength of the propositions asserted depends on the assumption Nowotny, Jr., was

the individual plaintiff intended to assert a claim against by the original notice served April 29.

In this circumstance a person's name consists of a Christian or given name or names and of a surname or family name which generally is derived from the common name of his parents. It has been held to follow where two or more Christian names are used, the middle name or names or letter is quite generally disregarded unless only the initial of the first name is given or where a question of identity is involved or when it appears two persons have each the same first name and surname and can be distinguished only by the middle name or initial of each. Peterson v. Wallace, 140 Iowa 22, 23–24, 118 N.W. 37; Collins v. Board of Supervisors, 158 Iowa 322, 327, 138 N.W. 1095, 1097; Riley v. Litchfield, 168 Iowa 187, 191–192, 150 N.W. 81, 83, Ann.Cas.1917B, 172; Kraft v. Bahr, 256 Iowa 822, 829, 128 N.W.2d 261, 264–265.

■ The suffix "Senior" or "Sr." or "Junior" or "Jr." is ordinarily not a part of the name. Such additions are usually adopted to distinguish or designate between two or more persons having the same name, especially where they live in the same community. Neither the omission nor the insertion of the character "Jr." after the name should be treated as a variance. See authorities cited above and 65 C.J.S. Names § 5b.

■ Omitting "Junior" and being mistaken as to middle initial does not ordinarily render service void. "As a general rule * * *, an error in the name or description of a party, whether a misnomer or misdescription in the name of a plaintiff or of a defendant, may be corrected by amendment. Such an amendment, however, should not be allowed where it affects an entire change of parties * * *. If the amendment is as to a defendant, it may be allowed if it merely corrects the name as alleged in the pleadings, and does not make a new party a defendant, * * *." 67 C.J.S. Parties § 156. This section is cited with apparent approval in White v. Wilkes, 173 N.W.2d 98, 99–100, (Iowa 1969).

In Swartz v. Bly, 183 N.W.2d 733, 737, (Iowa 1971), we said:

"Our decisions permitting amendment after the statute of limitations has run have been to permit insertion of allegations inadvertently omitted, of a claim for additional damages arising from the tort relied on in the original pleading and those which otherwise amplify and are germane to the grounds previously stated. * * * [citing authorities] But amendment to the pleadings which sets forth a new and distinct cause of action based on a wholly different legal theory of liability or obligation does not relate back to date of original pleading and date of filing amendment is regarded as date of commencement of action and if bar of statute of limitations or bar to the right to maintain new cause of action has intervened, new cause of action cannot be maintained. * * *."

This language from Sanders v. Metzger, 66 F.Supp. 262, 263, (E.D. Pa.), approved in Shellhorn v. Williams, 244 Iowa 908, 913, 58 N.W.2d 361, 364–365, bears on the problem:

" 'If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. * * * [citing authorities]

" 'On the other hand, if the effect of the amendment is to substitute for the defendant a new party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run. * * * [citing authorities]' "

With these pronouncements in mind we consider plaintiff's argument his April 29

petition was sufficiently specific to meet requirements of the Rules of Civil Procedure.

We emphasize at this point we are concerned only with sufficiency of the petition.

Rule 70, R.C.P., provides:

"The petition shall state whether it is at law or in equity, the facts constituting the cause or causes of action asserted, the relief demanded, and, if for money, the amount thereof."

■ In the original petition plaintiff plead a theory of liability based on negligent operation of a Pontiac automobile by the operator and owner which proximately caused the injuries of which he complains. There can be no doubt as to the sufficiency of the petition in this respect to state a claim upon which relief can be granted. The fact plaintiff plead the vehicle involved was owned by the operator would not make the petition vulnerable. Under the circumstances plaintiff would probably fail in proof of ownership. However, this failure of proof would not relieve the operator from liability for negligence assuming, of course, proximate cause was established.

■ We hold the petition stated a cause of action based on the theory the operator of the vehicle was negligent in colliding with plaintiff's vehicle and meets requirements of rule 70, R.C.P.

This brings us to the consideration of the court's ruling striking the amendment in the respect challenged by plaintiff. We quote that portion of the ruling relevant to the motion to strike:

"*   *   *

"Plaintiff's amendment to his petition changes his legal theory and basis of liability, and said amendment pleads a new and independent cause of action after expiration of the statute of limitations upon his original cause of action, and said amend-

ment is barred by the statute. This court has no jurisdiction.

"*   *   *."

In amendment plaintiff seeks to identify the operator of the vehicle whom he had named as "Donald *R.* Nowotny" in the April 29 original notice and petition as Donald *P.* Nowotny, Jr. However, Reynolds makes no attempt to change his theory of liability in the June 2 amendment concerning Nowotny, Jr., from that asserted in the April 29 petition. His theory of recovery is still based on the operator's alleged negligence.

He did attempt by amendment to bring in as a party defendant Nowotny, Sr., as the owner of the vehicle but Nowotny, Sr., has been dismissed from the lawsuit and, although plaintiff gave notice of appeal from the July 31 ruling, he does not assign the ruling as error. His contention made here challenges the court's ruling only insofar as it affects Nowotny, Jr., by striking the amendment.

Defendant in his first proposition relied on for affirmance asserts the court correctly sustained the motion to dismiss of Donald P. Nowotny, Sr. In support of this contention defendant argues a petition which does not state a claim upon which any relief can be granted is subject to a motion to dismiss. We have no quarrel with this contention as a general proposition but fail to see its relevancy under plaintiff's assignments of error. The argument does not reach the court's ruling striking the amendment.

In his second proposition defendant contends the court correctly sustained defendant's motion to strike amendment to title, original notice and petition. In this connection he argues plaintiff cannot amend his petition to allege a different legal theory, after expiration of the statute of limitations upon his original cause of action. We agree insofar as the contention concerns Nowotny, Sr., since plaintiff seeks to impose liability on Nowotny, Sr.,

as owner of the car for the first time after the statute of limitations had expired. As stated, Nowotny, Sr., is out of the lawsuit. Defendant's argument is not helpful. As pointed out plaintiff did not change his theory of liability insofar as the operator of the vehicle is concerned.

Adequacy of the amendment as related to Nowotny, Sr., is not involved. The question is adequacy of the amendment as it affects Nowotny, Jr.

■ The basis, set out, supra, on which the court sustained the motion to strike the amendment in respect to Nowotny, Jr., cannot be sustained and defendant does not suggest in argument any other upon which the ruling could properly be sustained.

II. The question of jurisdiction of Nowotny, Jr., due to the June 2 service of notice on him, more than a month after the statute of limitations had expired, is another problem. Section 614.1(2), which has been referred to in this opinion, provides:

"*Injuries to person or reputation—relative rights—statute penalty.* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years."

Defendant attempts to raise the question by what he entitled, "Special Appearance." See rule 66, R.C.P.

In support of his second assigned error plaintiff maintains the statute of limitations is an affirmative defense which cannot be raised by a special appearance.

Defendant concedes in written argument the statute of limitations is an affirmative defense and cannot be raised by special appearance and further concedes that pleading the statute of limitations constitutes a general appearance rather than a special appearance.

Defendant suggests the "special appearance" filed by Nowotny, Jr., can be and should be considered as a motion to dismiss for failure to state a claim upon which any relief can be granted pursuant to rule 104(b), R.C.P., since a ruling by the court sustaining a motion to dismiss under this rule would have exactly the same result if obtained by reason of the court's sustaining Nowotny, Jr.'s special appearance.

■ Even if we were to agree, which we don't defendant would be confronted with our holdings bearing on the office of a motion to dismiss. See Osbekoff v. Mallory, 188 N.W.2d 294, 297 (Iowa 1971). Defendant's contention presents the further question of the availability of a motion to dismiss as a vehicle for submission of the affirmative defense of the statute of limitations. Pride v. Peterson, 173 N.W.2d 549, 551–554, (Iowa 1970). The trial court erred in sustaining the special appearance of Nowotny, Jr.

As suggested in Stearns v. Stearns, 187 N.W.2d 733, 734, " * * * [W]e cannot 'sanction disregard of proper methods in determining controverted facts' even though such a course brings the case to an early conclusion."

With directions to the trial court to expunge from the record its ruling striking plaintiff's amendment insofar as it relates to Nowotny, Jr., and its ruling sustaining the special appearance of Nowotny, Jr., the case is

Reversed and remanded.

All Justices concur.