Aletta NORLAND, Appellant,

v.

City of MASON CITY, Iowa, Appellee.

No. 55005.

Supreme Court of Iowa.

June 29, 1972.

Phillip N. Norland, Northwood, for appellant.

R. Michael Sweesy, Mason City, for appellee.

McCORMICK, Justice.

This is an appeal from an adjudication under rule 105, Rules of Civil Procedure, that plaintiff's personal injury action against Mason City is barred by limitations in § 613A.5, The Code. We affirm.

Plaintiff's petition was filed May 28, 1970. It alleged she fell on a public sidewalk in Mason City on July 21, 1969, and suffered injuries proximately caused by the City's negligence in maintaining the sidewalk. The petition recited that notice of the injury was mailed to the city clerk September 3, 1969. In its answer the City raised an affirmative defense claiming the action was barred by the limitations provisions of § 613A.5 because the September 3, 1969, notice failed to state the time of injury. The record is undisputed that the notice is completely devoid of any mention of time of injury.

Plaintiff moved for adjudication of the limitations law point and separately moved for leave to amend her notice to supply the time of injury. The motions were heard together. At hearing plaintiff's counsel produced but did not offer in evidence a letter he sent the City July 24, 1969, advising plaintiff had fallen at the place involved, pointing out the defect and asking it be remedied to protect others. Plaintiff's counsel also attached his own affidavit to a brief later furnished the trial court stating the City did correct the sidewalk problem at some unknown date after the accident.

The trial court held the notice deficient under § 613A.5 for failing to set forth time of injury and not subject to amendment in the lawsuit.

Plaintiff alleges the trial court erred in three respects: (1) finding the notice deficient; (2) excluding the letter and affidavit from the appeal record; and (3) ruling the notice couldn't be amended in the lawsuit.

I. *Sufficiency of the notice.* Section 613A.5, The Code, provides in relevant part:

"Every person who claims damages from any municipality * * * shall com-

mence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within sixty (60) days after the alleged * * * loss or injury a written notice stating the time, place, and circumstances thereof * * *."

The applicable time limitations are the same as were in the predecessor statute, § 614.-1(1), The Code, 1966. They are intended to provide a method for prompt communication of time, place and circumstances of injury to the municipality so investigation can be made while facts are fresh. See Heck v. City of Knoxville, 249 Iowa 602, 607, 88 N.W.2d 58, 62 (1958) (discussing predecessor statute). They are a qualification of the City's liability. Sprung v. Rasmussen, 180 N.W.2d 430, 433 (Iowa 1970). Substantial compliance with the terms of the statute is required. Vermeer v. Sneller, 190 N.W.2d 389, 394 (Iowa 1971).

■ The present action was brought more than three months after the alleged injury and therefore its viability rests upon the sufficiency of the notice furnished within sixty days after the accident. In view of the plain terms of the statute requiring the notice to include time of injury, we are unable to say a notice which completely omits that information substantially complies with the statute. Howe v. Sioux County, 180 Iowa 580, 163 N.W. 411 (1917); see also Halverson v. City of Decorah, 258 Iowa 314, 322, 138 N.W.2d 856, 862 (1965). The notice was deficient.

■ II. *The documents not in the record.* The July 24, 1969, letter and subsequent affidavit were not part of the trial record and were properly excluded from the appeal record. Richardson v. Richardson, 248 Iowa 477, 481, 79 N.W.2d 769, 771 (1956) ("We are required, as was the trial court, to consider only evidence legally made a part of the Record."). In addi-

tion, the City does not concede the facts sought to be established by the documents. An evidentiary hearing is not contemplated by rule 105, R.C.P. It is a vehicle for pretrial hearing and determination only of uncontroverted pleaded issues raising points of law and not for resolving factual disputes. Rasmussen v. Nebraska National Life Insurance Co., 170 N.W.2d 370, 373 (Iowa 1969). There is thus no way the trial court could properly have considered the letter and affidavit in the rule 105 hearing.

■ Even if the letter and affidavit were part of the record, they would not cure the deficiency in the notice. Neither purports to supply the time of injury. As previously shown, sufficiency of the notice is determined by whether it complies with statutory requirements rather than whether the municipality was actually disadvantaged.

■ III. *Amending the notice.* Plaintiff also seeks to save her notice by amending it as if it were a pleading in the lawsuit. However, the notice is an operative fact in the lawsuit rather than a "pleading" subject to amendment. Rules 69, 88, R.C.P.

Apart from this, § 613A.5 makes time of the essence and any curative action must be taken within the sixty-day notice period. See Blackmore v. City of Council Bluffs, 189 Iowa 157, 162, 176 N.W. 369, 371 (1920) ("It is necessary that the information be given within 60 days, but it is not required that all the information be given in one paper, or at one time."). The attempted amendment here was more than a year after the accident. Therefore, even though the notice could have been amended within the sixty-day period, plaintiff in this case did not proceed to amend the notice in the right way or at the right time.

Affirmed.

All Justices concur, except MASON, J., who takes no part.