**Stanley John REYNOLDS, Appellant,**

v.

**Donald P. NOWOTNY, Appellee.**

**No. 55550.**

Supreme Court of Iowa.

Dec. 19, 1973.

Nick V. Critelli, Jr., Des Moines, for appellant.

James W. Crawford and Gene V. Kellenberger, Cedar Rapids, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

LeGRAND, Justice.

This is the second appeal of this case, and it is still bogged down in procedural uncertainty. For our first opinion, see Reynolds v. Nowotny, 189 N.W.2d 557 (Iowa 1971). There we decided only the sufficiency of the petition and did not consider the question of notice upon which the present review must turn. See 189 N.W.2d 561.

The issue now presented is this: Was the statute of limitations tolled under rule 49, Rules of Civil Procedure, by delivery of an original notice to the sheriff on April 30, 1970? If not, plaintiff is out of court.

The trial court ruled plaintiff's claim is barred by section 614.1(2), The Code, and dismissed the petition. We reverse, not on the merits of the defense of statute of limitations raised by defendant, but only on the ground the issue cannot be resolved as it was—on a motion to adjudicate law points under rule 105, R.C.P.

It may help if we set out several general observations important to our later discussion. We need not repeat in detail the

background of the dispute, however, as those circumstances have already been chronicled in our original opinion. See 189 N.W.2d at pages 558–560.

■ First, we are not here concerned with the rule that designations such as "Sr." and "Jr." are not variances which render service void. That principle applies when the right person has been served but his name has been incorrectly stated in some unimportant manner. Here the dispute arises because this defendant was not served—under any name—until June 2, 1970, when he asserts the statute of limitations had already run. See discussion in Reynolds v. Nowotny, supra, 189 N.W.2d at page 560; Hickman v. Hygrade Packing Company, 185 N.W.2d 801, 802 (Iowa 1971).

Second, although Donald P. Nowotny, Sr., was at one time a party defendant, he has been dismissed out of the case and we concern ourselves only with the status of Donald P. Nowotny, Jr.

Third, the only issue before us is whether delivery of the original notice to the sheriff on April 29, 1970, (before the statute of limitations had run) tolled the statute against this defendant even though no service was made upon him until June 2, 1970 (after the statute of limitations had run.)

This matter was raised when defendant, after remand of the case by our first opinion, filed an answer in which he set up the statute of limitations as an affirmative defense in this manner:

"Donald P. Nowotny, Jr. for his first affirmative defense to plaintiff's petition, states that the record herein shows that the accident complained of by plaintiff occurred April 30, 1968; the record herein further shows that Donald P. Nowotny, Jr. was served with an original notice * * * on June 2, 1970; that more than two years has elapsed between the date of the accident herein and the date of service of original notice upon

Donald P. Nowotny, Jr.; that section [614.1(2)] of the Iowa Code provides that actions for injuries to the person must be brought within two years from the date of the occurrence of the injury and the record herein shows upon its face that this action is barred by reason of the statute of limitations."

Plaintiff filed a reply denying these allegations. He also filed a motion under rule 105, R.C.P., asking that the court adjudicate as a matter of law that the statute of limitations had not run against his claim. He did so on two grounds: (1) that this was the holding on the first appeal; and (2) that the provisions of rule 49, R.C.P., are operative here to toll the running of the statute.

We cannot refrain from remarking on the unusual manner in which the case now comes to us. Ordinarily one would expect defendant to seek a rule 105 determination that the statute of limitations *had* run. In the present case plaintiff sought a ruling that it *had not*.

■ After a hearing on the motion, the trial court not only ruled against plaintiff —a decision with which we agree—but went a step beyond and held, *based on findings of fact,* that the claim was barred by the statute of limitations. The latter ruling was error which requires reversal.

As already noted, plaintiff argues our first Reynolds v. Nowotny opinion held the statute of limitations had not run on his claim. It did no such thing. On the contrary, we specifically disavowed any intention to rule on that point by saying the question of jurisdiction of this defendant by reason of the notice served on him is "another problem" which we held was not properly before us. See 189 N.W.2d at page 562. The trial court correctly ruled against plaintiff on that ground of his motion.

The only other ground urged by plaintiff was that he came within the protection of

rule 49, R.C.P., from which we quote as follows:

"For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitations of actions * * * the delivery of the original notice to the sheriff of the proper county with the intent that it be served immediately (which intent shall be presumed unless the contrary appears) shall also be deemed a commencement of the action."

As we understand plaintiff's position, he says the original notice delivered to the sheriff on April 29, 1970, was mistakenly served on Donald P. Nowotny, Sr., when it was intended that service be made on Donald P. Nowotny, Jr. He asserts the error was the sheriff's and that the delivery of the original notice on the date mentioned satisfies rule 49 and tolls the statute.

■ According to the record before us, plaintiff's argument is based on two grounds. First he asserts he was given erroneous information by defendant's insurance adjuster as to the identity of the defendant. Second, he says the sheriff disregarded his instructions in serving notice on Donald P. Nowotny, Sr. instead of Donald P. Nowotny, Jr. Both of these claims raised factual questions which are beyond the scope of a rule 105 determination. That rule serves only to determine questions of law which arise on *uncontroverted* pleadings.

We recently considered an analogous problem in Norland v. Mason City, 199 N. W.2d 316, 318 (Iowa 1972) where we said:

"An evidentiary hearing is not contemplated by rule 105, R.C.P. It is a vehicle for pretrial hearing and determination only of uncontroverted pleaded issues raising points of law and not for resolving factual disputes * * *."

We said the same thing in Rasmussen v. Nebraska National Life Insurance Co., 170 N.W.2d 370, 373 (Iowa 1969).

Here we believe the trial court erred in deciding contested facts in reaching its conclusion. If plaintiff can establish he was prevented from obtaining timely service by erroneous information furnished him by the insurance adjuster, either fraudulently or unintentionally, defendant may be estopped from setting up the statute of limitations as a bar to plaintiff's suit. Similarly if he can establish the notice was delivered to the sheriff on April 29, 1970, with instructions for service which were disregarded, he may be able to show the statute was tolled under rule 49, R.C.P. These are factual disputes which, as we have already said, cannot be adjudicated on an application under rule 105.

Perhaps we should mention the parties advert to the "record" in this case, apparently referring to professional statements of plaintiff's original counsel and an affidavit of the sheriff. However, the "record" can consist only of the pleadings. Except that the matters mentioned point up there *was* a dispute of fact, it was improper for the trial court to consider them. See Norland v. Mason City, supra, 199 N. W.2d at page 318.

■ We believe this case must again be reversed for further proceedings at which the question of the running of the statute of limitations may be properly determined on the facts. In doing so we are fully cognizant that there is much to support the trial court's factual conclusion; and perhaps we are only laying the groundwork for still another appeal. However, we should not circumvent established procedural rules of general application for the sake of expediency in a particular case. See Stearns v. Stearns, 187 N.W.2d 733, 734 (Iowa 1971) and Reynolds v. Nowotny, supra, 189 N.W.2d at page 562.

The case is reversed and remanded for further proceedings consistent herewith.

Reversed and remanded.