**ANDERSEN CONSTRUCTION COMPANY OF COUNCIL BLUFFS, Appellant,**

v.

**NATIONAL BANK OF DES MOINES, Appellee.**

**No. 59973.**

Supreme Court of Iowa.

Feb. 22, 1978.

Peters, Campbell & Pearson, Council Bluffs, for appellant.

Nyemaster, Goode, McLaughlin, Emery & O'Brien by Jerry E. Williams and Gerald J. Newbrough, Des Moines, for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, REES, and UHLENHOPP, JJ.

UHLENHOPP, Justice.

■ This appeal involves a ruling on a motion to adjudicate law points in an action concerning an alleged loan commitment by a bank. The ruling is appealable, as it disposes of the whole case. Rule 105, Rules of Civil Procedure.

The trial court questioned whether the parties intended the motion to be for summary judgment, so that the entire record could be considered, or to be for adjudication of law points, as denominated. Since the parties chose to consider the motion as one to adjudicate law points, the trial court so treated it. Under such a motion we apply the principle which is set out in *Carter v. Jernigan*, 227 N.W.2d 131, 133 (Iowa): "Such motions, authorized by rule 105, Rules of Civil Procedure, serve only to determine questions of law which arise on uncontroverted pleadings and may not be used to resolve fact disputes." Under this principle the initial inquiry is not whether a party asserts that only legal issues exist, but whether such is actually the situation. If the pleadings show fact issues with respect to the law points, the points are inappropriate for rule 105 disposition unless the

parties stipulate the facts. Otherwise the court would be placed in the position of hypothesizing facts—"facts" which, when the evidence is heard, might not turn out to be facts.

The parties did not enter into a stipulation of facts here. We thus turn to the pleadings to ascertain the uncontroverted facts. The relevant pleadings consist of the recast petition, the answer thereto, and the reply to the answer. From these we learn the following.

At the times in question plaintiff Andersen Construction Company of Council Bluffs engaged in general construction, defendant National Bank of Des Moines engaged in banking, and Gepada, Inc. owned real estate in Council Bluffs, Iowa. Andersen entered into a contract with Gepada to build a Ramada Inn in Council Bluffs for $1,015,017. Paragraph 14 of Article 8.2 of the contract states:

It is understood that the Owners [Gepada] will be required to submit documents suitable to the Contractor's Bonding Company showing proof of financing in the amount of this contract along with a letter from the financing institution stating that they have this money set aside and will disperse [sic] same based on approved monthly draws.

■ National Bank granted Gepada a loan for $1,450,000. Andersen alleges National Bank also wrote a letter, attached to the recast petition as Exhibit C, as follows:

[National Bank of Des Moines Letterhead]
September 25, 1972
Mr. Vernon Killion
Ohio Casualty Insurance Co.
704 2nd Ave.
Des Moines, Iowa
Re: Gepada, Inc. building
loan for motel, Council
Bluffs, Iowa
Dear Mr. Killion:
This is to advise you that we have granted a loan for interim financing on a Ramada Inn Motel to be constructed in Council Bluffs, Iowa. The amount of funds available is $1,450,000.00. Pay-

ment to the contractor from proceeds of this loan will be made as warranted by construction.

Sincerely,
[Signed] R. W. Horner
R. W. Horner
Vice President

National Bank denied Exhibit C in its answer but failed to support its denial by its own affidavit that the signature on the letter is not its genuine or authorized signature. The signature is thus deemed genuine for all purposes in the case. Rule 100, R.C.P.

At various times National Bank paid Andersen amounts totaling $993,857 and paid other persons amounts totaling $178,835.42. Andersen demands an additional $67,317.75 from National Bank, which the bank refuses to pay.

■ The recast petition and the answer contain numerous other allegations, but these are denied by responsive pleadings.

In this state of the pleadings Andersen moved for adjudication of law points under rule 105, R.C.P. The motion dealt with two principal issues. One related to Andersen's various claimed legal bases for National Bank's liability: guaranty, letter of credit, estoppel, third-party beneficiary, and trust. The other issue related to Andersen's desired method of proving against National Bank the alleged balance of $67,317.75: by issue preclusion under a prior judgment against Gepada, a judgment pleaded in Andersen's recast petition and denied in National Bank's answer.

The trial court held a hearing on the motion. We do not have a transcribed report of the hearing, but the parties appear to have contended, as they do here, that the issues raised could be disposed of as a matter of law—each contending, of course that the undisputed facts entitle it to a favorable ruling. The trial court agreed with National Bank's contention and entered an order adverse to Andersen on all the claimed legal bases of liability as well as on the claimed issue preclusion. Under rule

105, that ruling could not be questioned at subsequent trial.

Since the motion before the trial court was to adjudicate law points, when the court came to ruling on the merits of the motion it had to confine itself to the uncontroverted allegations of the pleadings. As stated in another case involving a rule 105 motion, *Reynolds v. Nowotny,* 213 N.W.2d 648, 651 (Iowa), "Perhaps we should mention the parties advert to the 'record' in this case, apparently referring to professional statements of plaintiff's counsel and an affidavit of the sheriff. However, the 'record' can consist only of the pleadings."

The pleadings contain paragraph 14 of the contract and Exhibit C attached to the recast petition. Andersen's bases of alleged liability, however, hang on more than skeletal paragraph 14 and Exhibit C. True, paragraph 14 is uncontroverted, and we may assume arguendo that Exhibit C is likewise uncontroverted by virtue of rule 100. But to comprehend what the parties intended these instruments to mean and the effect the instruments were to have, the parties' conduct, alleged in unadmitted paragraphs of the pleadings, is not only material but vital. *Hamilton v. Wosepka,* 261 Iowa 299, 154 N.W.2d 164. See also *Freese Leasing, Inc. v. Union Trust & Savings Bank,* 253 N.W.2d 921 (Iowa); *Tamm, Inc. v. Pildis,* 249 N.W.2d 823 (Iowa); *Petersen v. Carstensen,* 249 N.W.2d 622 (Iowa). Both parties argue their conduct pro and con to support their opposing legal contentions, but the problem is that much of that conduct is not uncontroverted in the pleadings. Likewise the alleged prior judgment against Gepada is not admitted, nor are pleadings from the prior case now before the court, explanatory of the judgment.

In this state of the pleadings, the trial court was not in a position to rule on Andersen's law points without assuming a number of facts. This however would be contrary to the basic principle of rule 105. Hence the court should not have ruled on the merits of the motion.

■ National Bank contends that Andersen saddled itself with a rule 105 ruling by

arguing before the trial court and here that the facts necessary to a favorable ruling are undisputed. But parties seeking a favorable ruling on rule 105 motions not infrequently assert that the necessary facts are undisputed, when the pleadings show they are not undisputed. The ruling then should not be on the merits of the motion on the basis of hypothesized facts, but rather to deny the motion as inappropriate for want of undisputed facts essential to disposition of the law points. This is the tenor of our decisions.

One of the decisions is *Reynolds v. Nowotny, supra,* 213 N.W.2d 648, 651 (Iowa). There too the plaintiff relied on facts which were actually disputed, lost, and appealed. We quoted the general principle requiring uncontested facts and stated:

Here we believe the trial court erred in deciding contested facts in reaching its conclusion. If plaintiff can establish he was prevented from obtaining timely service . . . defendant may be estopped . . . .. These are factual disputes which, as we have already said, cannot be adjudicated on an application under rule 105.

Another similar appeal by a plaintiff is *Norland v. City of Mason City,* 199 N.W.2d 316, 318 (Iowa). We said:

An evidentiary hearing is not contemplated by rule 105, R.C.P. It is a vehicle for pretrial hearing and determination only of uncontroverted pleaded issues raising points of law and not for resolving factual disputes. . . . There is thus no way the trial court could properly have considered the letter and affidavit in the rule 105 hearing.

See also *Rasmussen v. Nebraska National L. Ins. Co.,* 170 N.W.2d 370, 373 (Iowa) ("In ruling on the application for adjudication of law points, only uncontroverted issues which present points of law may be determined.").

We thus conclude that the present case is not an appropriate one for a rule 105 ruling and, as in *Reynolds v. Nowotny,* we return the case to district court so that the issues

may be determined on the facts. While we have dealt with Andersen's claims, the evidence will undoubtedly include additional matters which National Bank argues before us in defense, likewise involving controverted averments.

REVERSED.