**STATE of Iowa, Plaintiff,**

v.

**The IOWA DISTRICT COURT IN AND FOR LINN COUNTY and William R. Eads, District Judge, Defendant.**

**No. 61662.**

Supreme Court of Iowa.

Nov. 22, 1978.

Gerald J. Kucera, Cedar Rapids, for defendant.

Eugene J. Kopecky, County Atty. and Glenn Johnson, Asst. County Atty., for plaintiff.

Considered by REES, P. J., and UHLENHOPP, HARRIS, ALLBEE and LARSON, JJ.

HARRIS, Justice.

We granted certiorari to test a district court adjudication on a point of law relating to the Iowa criminal code. Upon review we determine that, because a substantial factual controversy underlies the question, it is inappropriate to adjudicate the point. We therefore sustain the writ.

Julie Ann Rhodes (Rhodes) was charged by county attorney's information with delivery of a controlled substance (marijuana) to D. E. Willard, a member of the Cedar Rapids police department, in violation of § 204.401(3), The Code, 1977. She entered her plea of not guilty and trial was set for February 21, 1978.

Prior to trial, Rhodes filed a motion for adjudication of law points seeking a ruling by the trial court that § 813.2, rule 20(3), The Code, Supp., 1977, requires the State to corroborate the testimony of Officer Willard. That section provides:

"A conviction cannot be had upon the testimony of an accomplice or a *solicited person*, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." (Emphasis added.)

The violation was alleged to have occurred July 23, 1977, more than five months prior to the effective date of the new criminal code, which includes the provision Rhodes seeks to apply. But Rhodes claims the provision is applicable to her by reason of § 801.5(2), The Code, Supp., 1977.

In making her motion for adjudication, Rhodes asserted that she was approached by a police undercover agent who requested the purchase of the drugs. She believes the undercover agent "solicited" the purchase. Accordingly, she asked the trial court to determine prior to her trial whether § 813.2, rule 20(3) applies to the case and requires corroboration where an undercover agent solicits the purchase of a drug.

The State filed a resistance to Rhodes' motion. The resistance was in part based on a dispute of facts. The State asserted ". . . the defendant was not approached by the police undercover agent

but by a third party who requested the purchase of the drugs and the defendant voluntarily offered to produce and sell drugs to the undercover agent having been requested to do so by the third party who was not working for the police or for the undercover agent in any way." The State's resistance was consistent with the minutes of testimony of Officer Willard which were attached to the county attorney's information.

In response to the application to adjudicate law points the trial court held ". . . that, assuming the factual correctness of the minutes of testimony, the testimony of Police Officer Willard would have to be corroborated. The Court holds that defendant may have the points of law adjudicated prior to trial."

We stayed proceedings in the trial court and granted the State's petition for issuance of a writ of certiorari to review the ruling.

I. Prior to the 1977 supplement, we had no provision in Iowa criminal procedure for adjudication of law points. However, a provision of the new criminal code provides "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. . . ." § 813.2, rule 10(2), The Code, Supp., 1977. Rule 105, Rules of Civil Procedure, has long provided for the separate adjudication of law points in civil matters. For an explanation of the background and purpose of the rule see Loth, 29 Iowa L.Rev. 23 at 27 (November 1943).

In interpreting rule 105, R.C.P., we have long held that the issues sought to be resolved by an adjudication of law points must be solely legal in nature. We will not hypothesize as to the facts and will not make legal adjudications in matters arising from disputed facts. *Andersen Const. v. Nat. Bank of Des Moines*, 262 N.W.2d 563, 564–565 (Iowa 1978). Under this principle the State argues that the motion to adjudicate law points is inappropriate.

We agree. The question posed by Rhodes clearly arose from factual claims she made and which the State disputes. It was therefore inappropriate for an application under rule 105.

II. The only remaining question is whether an adjudication of law points can be sought under § 813.2, rule 10(2), The Code, Supp., 1977, on a substantially broader basis than would have been permissible in the civil practice. A reading of rule 10(2), above quoted, could lead to such a conclusion. The language of the section is very broad.

But we believe the legislature provided this tool for criminal practice in the same form we have known in civil practice. We see nothing in the rule which indicates the legislature intended for us to embark on rulings in matters of pure speculation and conjecture. The same factors which generated our reluctance to do so in the civil practice obtain in the criminal field.

A jury is the appropriate body to resolve factual issues. Facts should be established by a jury before a court is called upon to rule upon the governing legal principles. To hold otherwise would, to some extent, transfer the fact finding function from juries to trial judges. To an even greater extent such a transfer would require trial courts to expend unnecessary time answering speculative and abstract legal questions. Those questions might become moot when the facts are finally determined.

We do not reach the question of whether the trial court ruled properly in its adjudication of law points. We hold that it was inappropriate for the trial court to answer the question at all.

WRIT SUSTAINED.