STATE of Iowa, Appellee,

v.

Danny Eugene HAWKINS, Appellant.

No. 83–1382.

Supreme Court of Iowa.

Oct. 17, 1984.

Charles L. Harrington, Appellate Defender, and LuAnn White, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Rebecca L. Claypool, Asst. Atty. Gen., and Christopher Cogley, Asst. County Atty., for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

McGIVERIN, Justice.

Defendant Danny Eugene Hawkins appeals from his conviction on a charge of operating a motor vehicle while intoxicated (OWI) in violation of Iowa Code section 321.281(1) (1983). We affirm.

On this appeal, defendant contends that the trial court erred in denying his motion for separate adjudication of law points with respect to his defenses of insanity and involuntary intoxication. Because the motion was an inappropriate means of deciding the issues it presented, we find no error in its denial.

On June 10, 1983, police in Newton arrested defendant for OWI. The trial information charged him with violation of section 321.281(1). Defendant timely filed notice of defenses of insanity, involuntary intoxication, and diminished responsibility.

He also filed a motion for separate adjudication of law points. In the motion he stated that he would produce evidence to the effect that (1) he was a longtime alcoholic, (2) his alcoholism produced periods of "black outs," (3) that during those periods he was unable to tell right from wrong, (4) that at the time of the occurrence for which he was charged, he was experiencing a "black out," (5) that he had no control over his intake of alcohol and therefore his ingestion of alcohol was not voluntary, and (6) that at the time of the occurrence for which he was charged, he was too intoxicated to form a specific intent to operate a motor vehicle. The motion requested a ruling that defendant be allowed to produce evidence in support of those allegations, and also requested a ruling that, if sufficient evidence in support of those allegations was produced, such evidence would constitute the defenses of insanity (allegations 1 through 4), involuntary intoxication (allegation 5), and diminished responsibility (allegation 6), and would entitle him to the submission of instructions to the jury on each defense. The State did not stipulate that any of the facts alleged by defendant were true.

The trial court denied the motion in all respects. On appeal defendant does not contest denial of the motion with respect to the defense of diminished responsibility, conceding that, because specific intent is not an element of the offense charged, a

diminished responsibility defense is inappropriate in this case. Defendant, however, contends that denial of the motion with regard to his proposed defenses. of insanity and involuntary intoxication was error.

We note at the outset of our analysis that the trial court's ruling will be upheld if it can be supported on any grounds appearing in the record. *State v. McCowen*, 297 N.W.2d 226, 227 (Iowa 1980).

The motion for separate adjudication of law points is provided for by Iowa Rule of Civil Procedure 105. We have previously approved its use in criminal cases under Iowa Rule of Criminal Procedure 10(2), which states in part, "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." *See State v. Wilt*, 333 N.W.2d 457, 460 (Iowa 1983). However, when the motion is used in a criminal context, we have consistently retained the strictures of Iowa R.Civ.P. 105 regarding its scope and proper use. *See id.; State v. Marti*, 290 N.W.2d 570, 579 (Iowa 1980) (no factual issues may be resolved in such a motion). In *State v. Iowa District Court*, 271 N.W.2d 704, 706 (Iowa 1978), we said:

> The only remaining question is whether an adjudication of law points can be sought under [Iowa R.Crim.P. 10(2)] on a substantially broader basis than would have been permissible in the civil practice. A reading of rule 10(2), above quoted, could lead to such a conclusion. The language of the section is very broad.
> But we believe the legislature provided this tool for criminal practice in the same form we have known in civil practice. We see nothing in the rule which indicates the legislature intended for us to embark on rulings in matters of pure speculation and conjecture. The same factors which generated our reluctance to do so in the civil practice obtain in the criminal field.

With regard to the issue presented here, the pertinent requirement of rule 105 is that motions made thereunder are proper only when the legal questions presented arise from uncontroverted pleadings or stipulated facts. *See Montz v. Hill-Mont Land Company*, 329 N.W.2d 657 (Iowa 1983); *Andersen Construction Co. v. National Bank of Des Moines*, 262 N.W.2d 563, 566 (Iowa 1978). The pleadings in this case consist of the trial information and defendant's plea of not guilty. *See* Iowa R.Crim.P. 10(1). In his motion, defendant sought a ruling that he be allowed to introduce evidence pertaining to two affirmative defenses (insanity and involuntary intoxication), and a further ruling that such evidence would entitle him to jury instructions on those defenses. These issues did not arise out of the trial information, which simply charged defendant with commission of the crime of OWI. Nor could they be said to have arisen out of defendant's not guilty plea, which merely controverted every material allegation of the trial information without making any affirmative assertions.

Thus, the rulings requested by defendant in his motion could properly have been denied on the grounds that they presented issues not raised in the pleadings or by stipulated facts. *See State v. Iowa District Court*, 271 N.W.2d at 706; *Andersen Construction Co. v. National Bank of Des Moines*, 262 N.W.2d at 566. *Cf. State v. Wilt*, 333 N.W.2d at 461 (motion for separate adjudication of law points proper as means of challenging the legal sufficiency of a trial information). The trial court's denial of the motion was not error.

Defendant makes an alternative contention regarding ineffective assistance of his trial counsel which we reserve for any possible later proceedings.

The judgment is affirmed.

AFFIRMED.