STATE of Iowa, Appellant,

v.

**Carol Ann BOCK, Appellee.**

STATE of Iowa, Appellant,

v.

**Paul Roman BOCKHOLT, Appellee.**

STATE of Iowa, Appellant,

v.

**Debra Dorine DAWDY, Appellee.**

STATE of Iowa, Appellant,

v.

**Cindy Lou ZAMORA, Appellee.**

No. 84–1333.

Supreme Court of Iowa.

Oct. 18, 1984.

Thomas J. Miller, Atty. Gen., Marcia Mason, Asst. Atty. Gen., and Patrick C. McCormick, County Atty., for appellant.

P.D. Furlong, Sioux City, for appellees.

CARTER, Justice.

The State has appealed from rulings of the district court in four pending criminal cases involving the interpretation of a recent amendment to Iowa Code section 321.-281 (1983). The amendment in question was contained in House File 2486, signed into law on May 14, 1984, effective July 1, 1984. 1984 Iowa Legis.Serv. No. 6 at 32–48 (West).

The preamble to this bill identifies it, in part, as:

> An act relating to the offense of operating a motor vehicle while intoxicated by providing . . . a definition of alcohol concentration.

Prior to the time House File 2486 became effective, it was a serious misdemeanor to violate Iowa Code section 321.281(1) (1983) which provided:

> A person shall not operate a motor vehicle upon the public highways of this state in either of the following conditions:
>
> a. While under the influence of an alcoholic beverage, a narcotic, hypnotic, or other drug, or any combination of such substances.
>
> b. While having thirteen hundredths or more of one percent by weight of alcohol in the blood.

Section 4 of House File 2486 amended section 321.281(1) in the following manner (deletions are stricken and new material is underscored):

> A person shall not operate a motor vehicle ~~upon the public highways~~ ~~of~~ in this state in either of the following conditions:
>
> a. While under the influence of an alcoholic beverage~~, a narcotic, hypnotic,~~ or other drug~~,~~ or ~~any~~ a combination of such substances.
>
> b. While having an alcohol concentration of thirteen hundredths or more ~~of one percent by weight of alcohol in the blood.~~

1984 Iowa Legis.Serv. No. 6, 34 (West).

In addition, section 2 of House File 2486 sets forth a new definition of alcohol concentration. That definition is as follows:

"Alcohol concentration" means the number of grams of alcohol per any of the following:

    a.  One hundred milliliters of blood.

    b.  Two hundred ten liters of breath.

    c.  Sixty-seven milliliters of urine.

1984 Iowa Legis.Serv. No. 6, 33 (West).

Each of the four appellees is a defendant in a pending criminal action based on section 321.281(1)(b), as amended by House File 2486. The trial information in each case alleges that the defendant

did, while under the influence of an alcoholic beverage, and/or while having an alcoholic concentration of $^{13}/_{100}$ths or more of one gram of alcohol per 210 liters of breath, ... operate a motor vehicle ... in violation of [Iowa Code] section 321.281.

Each defendant filed a motion to strike from the information the words "while having an alcoholic concentration of $^{13}/_{100}$ths of one gram of alcohol per 210 liters of breath" on the ground that such acts, even if proven, do not constitute a violation of the statute cited in the information. In addition, these defendants in a memorandum of law filed in support of these motions argued that section 321.281(1) as amended, is so vague as to deprive them of due process of law under both state and federal constitutions.

The district court granted the motion to strike in each case. In reading the amended version of subparagraph *b* of 321.281(1) in conjunction with the newly enacted definition of "alcohol concentration," the district court concluded that a violation of subparagraph *b* only occurs where the number of grams of alcohol per 210 liters of breath is sufficient to produce a quotient of $^{13}/_{100}$ths under the following formula:

$$\frac{\text{Number of Grams}}{210} = \frac{13}{100}.$$

The court solved this equation as follows:

$$\frac{27.3}{210} = \frac{13}{100}.$$

It then found and concluded:

Therefore, the statute says that it is illegal to drive with an alcohol concentration of 27.3 grams per 210 liters of air or more. The court, therefore, concludes that it is not a crime in Iowa to drive with thirteen hundredths grams of alcohol per 210 liters of air as is charged in the information.

The State urges on this appeal that the district court misapplied the provisions of House File 2486 which amended section 321.281(1)(b). The four defendants predictably urge that the district court was correct and, in any event, that the statute, as amended, is unconstitutionally vague. We consider these arguments only after facing a threshold challenge to our jurisdiction.

I. *Appealability of District Court's Orders.*

The appellees have moved to dismiss the present appeal on the ground that the order of the district court was not one which the State might appeal as of right under the provisions of Iowa Code section 814.-5(1). The State, in resisting this motion, urges that the orders from which appeal has been taken were orders "dismissing an indictment, information, *or any count thereof*" and, as such, appealable as of right under section 814.5(1)(a).

    The appellees correctly note that under the interpretation which we placed on section 321.281 in *State v. Bratthauer*, 354 N.W.2d 774, 776 (Iowa 1984), the allegations which the district court struck from the information did not constitute a separate count but rather was an alternative theory with respect to a single crime. Based upon our *Bratthauer* rationale, we agree that the State had no appeal as of right from the district court's order. We note, however, that we have held that under Iowa Rule of Appellate Procedure 304 it is not fatal that a case is improperly brought by appeal if certiorari would have been a proper remedy or vice versa. *State v. Glanton*, 231 N.W.2d 31, 33 (Iowa 1975). The right to seek certiorari review from orders in criminal cases has been severely restricted by the adoption of Iowa Rule of Appellate Procedure 305 in 1982, which denies such relief in any case where discretionary review is available under Iowa

Code chapter 814. We conclude, however, upon our reading of section 814.5(2) that discretionary review was not available to the State in the present case.[1] Accordingly, we review the claims which the State has advanced notwithstanding the fact that it has proceeded in accordance with the wrong procedure.

## II. *Procedural Implications of Order Being Appealed.*

As noted in our prior discussion, the order from which the State has appealed is not a final judgment. The motion which produced that ruling was labeled as a motion to strike a portion of the information. The ruling itself can best be characterized as a separate adjudication of points of law in a criminal action. It significantly affects the issues in each of the pending cases by limiting the means by which the State may present its case.

■ We have previously approved the use of separate adjudication of points of law in a criminal action based on the language of Iowa Rule of Criminal Procedure 10(2), which provides, in part "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." *State v. Hawkins*, 356 N.W.2d 197, 199 (Iowa 1984); *State v. Wilt*, 333 N.W.2d 457, 460 (Iowa 1983); *State v. Marti*, 290 N.W.2d 570, 579 (Iowa 1980); *State v. Iowa District Court*, 271 N.W.2d 704, 706 (Iowa 1978). In so doing, however, we have consistently applied the limitations regarding the use of separate adjudication of points of law which have been established in the civil practice under Iowa Rule of Civil Procedure 105. Because of these restrictions, we review the present orders only with respect to alleged legal errors which appear on the face of the district court's ruling or infirmities which appear on the face of the statutes being assailed.

## III. *Purpose and Application of Sections 2 and 4 of House File No. 2486.*

This appeal relates primarily to the application of sections 2 and 4 of House File 2486 which (a) deletes from section 321.-281(1)(b) any reference to a percentage of alcohol by weight, and (b) simultaneously adopts a new definition of "alcohol concentration." The State in urging reversal of the orders striking the portion of the information charging a violation of section 321.-281(1)(b), suggests that the district court failed to perceive the manner in which these amendments changed the method of measuring alcohol concentration.

It is the State's contention that the amendments in issue changed the manner in which the proscribed concentration is expressed from a stated percentage of a volume of blood (which required a conversion of chemical tests on urine and breath samples) to the number of grams of alcohol which are contained in a given quantity of blood, breath, or urine. The State suggests that application of this newly enacted definition of alcohol concentration does not produce a consequence or conclusion which may be stated in the form of a decimal or percentage as the district court attempted to do.

The defendants disagree and urge that the number of grams of alcohol per volume of blood must be converted to a percentage of alcohol concentration in order to apply the provisions of the act. They urge that we approve the district court's conclusions that, as the act is now written, a concentration of 27.3 grams of alcohol per 210 liters of breath is required before a violation of law is established.

The issue presented is one of statutory interpretation. We have consistently held that the ultimate goal in interpreting statutory provisions is to ascertain and give effect to the intention of the legislature. *State v. Foster*, 356 N.W.2d 548, 550

1. The types of cases in which the State may be granted discretionary review are identified in Iowa Code section 814.5(2). Four categories of cases are therein identified. The first three categories are specific and clearly inapplicable to the present orders. The fourth category, which involves orders "raising a question of law important to the judiciary and the profession" is limited to seeking review of a final judgment.

(Iowa 1984); *State v. Whetstine*, 315 N.W.2d 758, 760 (Iowa 1982). We look to the object to be accomplished, the evil sought to be remedied, and the purposes to be advanced. To the extent permitted by its language, we place on a statute an interpretation which will effect its purpose rather than defeat it. *Foster*, 356 N.W.2d at 550.

█ Applying the foregoing principles of statutory interpretation to the issues of the present case, we conclude that for the reasons advanced in the State's argument the district court erred in its application of sections 2 and 4 of House File 2486. The dictionary definition of "concentration" reveals that it refers to the relative amount of one substance contained within another substance which may be expressed in several different ways. Webster's Third New International Dictionary 469 (1967), in defining "concentration" states:

> The relative content of a component (as dissolved or dispersed material) that may be expressed in percentage by weight or by volume, in parts per million, or in grams per liter.

The method of defining alcohol concentration which was contained in section 321.-281(1)(b) prior to the enactment of House File 2486 employed the first of the methods identified in the foregoing dictionary definition, *i.e.*, a "percentage by weight" per volume of blood. In contrast, we conclude that the clear intent of sections 2 and 4 of House File 2486 is to discard that frame of reference and substitute in its stead a method of stating alcohol concentration which is expressed in terms of the number of grams of alcohol contained in a given volume of blood, breath, or urine. This definition of alcohol concentration is complete in itself and does not require the application of any formula designed to produce a percentage or decimal figure.

Breath is the substance with respect to which the concentration is alleged in each of the informations in the present case. These informations charge that the defendants operated a motor vehicle while having "an alcohol concentration of $^{13}/_{100}$ths or more of one gram of alcohol per 210 liters of breath." By means of these allegations, the State has sought to establish alcohol concentration in the manner provided in section 321.281(1)(b), as amended, and on the face of the informations states a violation of that statute. The district court erred in ruling otherwise.

### IV. *The Vagueness Issue.*

█ As a final matter, we consider defendants' contention that section 321.-281(1)(b), as charged in the information, is so vague as to deprive them of due process of law contrary to the fourteenth amendment to the federal constitution and article I, section 9 of the Iowa Constitution. Initially, defendants claim this is so because the deletion of the phrase "of one percent by weight of alcohol in the blood" makes it impossible to determine the unit of measurement to which the fraction thirteen hundredths relates. This contention has, we believe, been fully answered in our discussion in the preceding division. When section 321.281(1)(b) is read in conjunction with the new statutory definition of "alcohol concentration" enacted in section 2 of House File 2486, it is clear that the term thirteen hundredths refers to the number of grams of alcohol per one hundred milliliters of blood, two hundred ten liters of breath or sixty-seven milliliters of urine.

Defendants' next assertion with respect to the vagueness of the act is that taken literally it requires a certain number of grams rather than a fraction of a gram. We cannot accept defendants' contention that a fraction is not a number. Section 2 of House File 2486 does not require that the number of grams be stated as a whole number of grams or that it be greater than the fraction of "thirteen hundredths" expressed in section 4 of the act.

█ Finally, defendants assert that the statute is unconstitutionally vague because persons of common intelligence cannot know if their blood, breath, or urine carries an alcohol concentration which is proscribed by its terms. To survive a vagueness attack, a penal statute must give a

person of ordinary intelligence fair notice of what is prohibited and must provide an explicit standard for those who must apply it. *State v. Pearce*, 287 N.W.2d 570, 573 (Iowa 1980); *Williams v. Osmundson*, 281 N.W.2d 622, 625 (Iowa 1979).

We believe that the present statute does provide an explicit standard for those who apply it. With respect to whether a potential violator can ascertain from the language of the statute that which is prohibited, we conclude that defendants have not sufficiently demonstrated such inability. Although persons engaging in consumption of alcoholic beverages may not be able to ascertain precisely when the concentration of alcohol in their blood, breath, or urine reaches the proscribed level, they should, in the exercise of reasonable intelligence, understand what type of conduct places them in jeopardy of violating the statute. We believe a realization of this potential jeopardy of violating the statute is sufficient to satisfy the requirements of due process.

We have considered all issues presented, and for the reasons stated, we reverse the order which has been appealed in each of the consolidated cases. Each of the cases is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.