**Donald T. ROSDAIL and Douglas R. Fuller, Appellants,**

v.

**The CIVIL SERVICE COMMISSION OF the CITY OF CEDAR RAPIDS, Iowa, Appellee.**

No. 86–1188.

Supreme Court of Iowa.

Aug. 19, 1987.

Robert M. Fassler, Cedar Rapids, for appellants.

James H. Flitz and David F. McGuire, Cedar Rapids, for appellee.

HARRIS, Justice.

Two police officers were suspended without pay for misconduct. They brought this action to claim seniority rights for sixty of the sixty-five day suspension. The civil service commission's rejection of their

claim was upheld in a district court ruling on a motion for summary judgment. We affirm.

The petitioners, two Cedar Rapids police detectives, are civil servants under Iowa Code chapter 400 (1985). For misconduct not at issue here they were demoted to the rank of patrolman by their local police department. They appealed the demotions to the Cedar Rapids civil service commission and secured a modification under which they retained their rank but were each suspended without pay for sixty-five days. Dissatisfied with the modification, the officers sought review in district court. That court affirmed the commission and this appeal followed.

I. In relevant part Iowa Code section 400.12 (1985) provides:

> For the purpose of determining the seniority rights of civil service employees, seniority shall be computed, beginning with the date of appointment to or employment in any positions for which they were certified or otherwise qualified and established as provided in this chapter, but *shall not include any period of time exceeding sixty days* in any one year during which they were absent from the service except for disability (emphasis added).

According to the detectives the statute provides that when civil service employees are suspended for more than sixty days, they fail to earn seniority rights only for those days that exceed sixty. In other words they think civil service employees earn seniority rights for the first sixty days of their suspension, but not for any more than that.

According to the commission the statute can and should be interpreted to read that the commission is prohibited from giving civil service employees seniority rights for any part of an absence which exceeds sixty days, but in its discretion can either allow or disallow seniority rights for the first sixty days.

II. Contrary to the detectives' contention we think the statute is ambiguous. We therefore resort to rules of statutory construction. *See Elliott v. Iowa Dep't of Public Safety*, 374 N.W.2d 670, 672 (Iowa 1985).

In sorting out legislative intent a prime consideration is the object or purpose of the legislation in question. Iowa Code § 4.6(1) (1985). The purpose of civil service laws is twofold: (1) to select public servants on the basis of demonstrated relative fitness, without regard to political considerations; and (2) to protect the public from inefficient public servants. 15A Am.Jur.2d *Civil Service* § 1 (1976). In *Millsap v. Cedar Rapids Civil Service Commission*, 249 N.W.2d 679, 684 (Iowa 1977), we said

> the purpose of civil service statutes and police department rules regulating the discipline of policemen for misconduct ... is not only for the punishment of the officer but also for the protection of the public ... .

It is obvious that, of the two proposed, the commission's interpretation of section 400.12 does more to further its object. Police misconduct will be less likely if the commission can withhold seniority rights for the first sixty days of a suspension for misconduct. We think the legislature gave the commission discretion in the matter of seniority rights during the first sixty days of any absence. For the excess there is however no discretion; no seniority rights can accrue for parts of absences which exceed sixty days.

The commission acted well within its discretion and the district court was correct in so holding.

AFFIRMED.

All Justices concur except CARTER, J., who takes no part.