**FIRST IOWA STATE BANK, Appellee,**

v.

**BOARD OF REVIEW OF MONROE COUNTY, Appellant.**

**No. 87–862.**

Supreme Court of Iowa.

June 15, 1988.

William S. Owens, Asst. Co. Atty., for appellant.

John A. Pabst of Clements, Pothoven, Pabst & Stravers, Albia, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

In October of 1985 Iowa's director of revenue, acting under Iowa Code section

441.47,[1] issued an equalization order raising the property tax valuation of a certain class of real estate in Monroe County. The plaintiff, First Iowa State Bank (bank), owned property affected by this order. After the property was revalued to comply with the equalization order, the bank filed a protest with the Board of Review of Monroe County (board) claiming that the adjusted valuation of its property exceeded the valuation permitted by Iowa Code section 441.21(1) (property to be assessed at fair and reasonable market value) and resulted in an excessive assessment. The board denied the bank's protest. The bank appealed this denial to the district court. The district court rejected the board's contention that the director of revenue had exclusive jurisdiction over the appeal and granted plaintiff's motion for summary judgment.

As this is an appeal from a ruling on summary judgment, we garner the facts from the undisputed pleadings and affidavits of the parties. Early in 1985, the Monroe County assessor assessed the bank's property at a total value of $226,980.[2] Pursuant to the equalization order this property was reassessed at a valuation of $271,644. The bank protested this revaluation to the board on grounds that it was excessive. *See* § 441.49. The bank then filed a petition in the Monroe County district court challenging the board's denial of its protest.

Following discovery in the district court action the bank moved for summary judgment. It maintained that it was entitled to judgment as a matter of law because the board had admitted that the market value of the assessed property was $226,980. Because this amount is less than the adjusted valuation of $271,644, the bank claimed it was entitled to judgment as a matter of law under the statute which provides that the valuation of property "shall not exceed its fair and reasonable market value...." *See* § 441.21(1)(g).

The board's sole defense to the bank's motion was its contention that the district court did not have authority to review the board's decision. It argued that section 441.49 specifically provides that the decision of the board is final and is only subject to review by the director of revenue and not the district court. The board urges that the district court lacks subject matter jurisdiction to hear an appeal from the board's decision, because the bank did not exhaust its administrative remedy by appealing to the director of revenue. *See* § 602.6101 (district court has jurisdiction over all actions except where exclusive or concurrent jurisdiction is conferred upon some administrative body). Before addressing this contention, we will review the statutory scheme for property assessment involved in this dispute.

Each year by May 1 the county assessor has a duty to submit completed assessment rolls to the board of review. § 441.17(7). Included in the assessment rolls are the property to be assessed and the value of that property as personally affixed by the assessor. § 441.18. The valuation of the property must be at its "actual value" which is the "fair and reasonable market value of such property." §§ 441.21(1)(a), (b). When the valuation of real property has changed from the previous year, the assessor must give the owner notice by April 15. § 441.23. The property owner then has the opportunity to appear before the board of review and show why the assessment values should not be changed. *Id.* The board of review is in session from May 1 to May 31 each year to hear such protests. § 441.33.

The grounds for protesting an assessment are enumerated in section 441.37. Included in subsection 2 is the ground that the assessment is "for more than the value authorized by law." The board of review's action on these filed protests may be appealed to the district court within twenty

---

**1.** Unless otherwise noted, all references in this opinion are to the 1985 Iowa Code.

**2.** The bank protested the valuation of a portion of this property to the board. When its protest

was disallowed the bank appealed this ruling to the district court. *See* Iowa Code § 441.38. That appeal was still pending when this case was decided in district court.

days after its adjournment. § 441.38. In equalization years the assessments are subject to equalization by the director of revenue. § 441.26.

By July 1 the county assessor must transmit an abstract of the assessments to the department of revenue. § 441.45. Every two years the director of revenue shall, by August 15, order the equalization of the levels of assessment in the various assessing jurisdictions. § 441.47. The purpose of this equalization is to "adjust to actual value the valuation of any class of property." *Id.* Once the director of revenue makes a proposed adjustment in the valuation of the classes of property it must serve notice on the county auditor of the affected county. § 441.48. The county, but not individual property owners, may make a written or oral protest against the proposed equalization order. *Id.* Any such protests are to be resolved by October 1. On or before October 15 the county auditor is required to give notice by publication of the director's final equalization order. § 441.49. Then, the county auditor must adjust the valuation of each class of property by the required percentage. *Id.*

The board of review reconvenes from October 15 to November 15 to hear protests of property owners affected by the adjustment in valuation and reassessment pursuant to the equalization order. *Id.* The statute limits the protests following revaluation and reassessment to the ground that adjustment of valuation "will result in a greater value than permitted under section 441.21." § 441.49. Applicable to this case is the provision of section § 441.21(1)(g) which provides that "the actual value of any property shall not exceed its fair and reasonable market value," subject to certain exceptions not applicable here. The issue presented on this appeal is whether the district court may review the board of review's decisions on protests following revaluation of property pursuant to an equalization order.

The issue involved is one of statutory interpretation: Does Iowa Code section 441.49 prevent the district court from reviewing the board's denial of the bank's protest? The pertinent portions of section 441.49 are as follows:

The local board of review shall reconvene in special session from October 15 to November 15 for the purpose of hearing the protests of affected property owners or taxpayers within the jurisdiction of the board whose valuation of property if adjusted pursuant to the equalization order issued by the director of revenue will result in a greater value than permitted under section 441.21.... The board of review may adjust all or a part of the percentage increase ordered by the director of revenue by adjusting the actual value of the property under protest to one hundred percent of actual value. Any adjustment so determined by the board of review shall not exceed the percentage increase provided for in the director's equalization order. *The determination of the board of review on file protests is final, subject to review by the director of revenue for the purpose of determining whether the board's actions substantially altered the equalization order.*

(Emphasis added). In interpreting this section our ultimate goal is to ascertain and give effect to the intention of the legislature. *Kohrt v. Yetter,* 344 N.W.2d 245, 246 (Iowa 1984). We do not believe that the legislature intended to preclude district court review under the facts presented in this case.

The board correctly points out that section 441.49 does not specifically allow an appeal to the district court. However, section 441.38 does provide for district court review of the board's decision on filed protests. This right of appeal is available to property owners challenging both an original assessment and a reassessment following the implementation of an equalization order.[3]

3. In *Board of Supervisors of Linn County v. Department of Revenue,* 263 N.W.2d 227, 240 (Iowa 1978), we stated that judicial review of the equalization order could be obtained under § 17A.19 of the Iowa Administrative Procedure Act. The present case does not involve a chal-

**444**

Section 441.49 does limit the district court's authority to review a limited type of board action. When the complaint asserts that "the board's actions substantially altered the equalization order," the appeal is to the director of revenue. Here, the bank does not claim that the board failed to comply with the equalization order. On the contrary, it claims that the board's compliance with the order resulted in a reassessment that is excessive. Because this case is not within the category of cases where the director of revenue has authority to review, the district court had jurisdiction over this case. *See Elliott v. Iowa Dept. of Pub. Safety*, 374 N.W.2d 670, 672 (Iowa 1985) (when certain exceptions are set forth in statute it is presumed that the legislature intended no others).

We believe it is clear that the legislature intended to give a property owner or taxpayer an opportunity to challenge the action of the board of review when the protest claims that the reassessment exceeds the fair market value of the property. Although the board argues that the department of revenue has authority to hear such appeals under Iowa Code section 421.-17(10), we do not agree. This section allows the director of revenue to make such orders as the director shall determine are just and necessary. However, the section also specifically provides that while the director may correct errors or obvious injustices, "the director shall not reduce the valuation of any individual property except upon the recommendation of the local board of review." We do not foresee that a local board of review will ask the director to change its own rulings. Since it is clear that the director of revenue has no authority to review the board's decision in this case, our conclusion that the district court has jurisdiction and authority is the only reasonable interpretation of chapter 441.

If an appeal to the district court were not allowed, a problem would emerge. A property owner may appeal from the denial of its protest of the original assessment in May. On such an appeal, the district court

determines the assessment anew and, when as here the protest is on grounds that the valuation exceeded the fair market value, the court must determine the fair market value. § 441.39. If the case were tried promptly, a new valuation could be placed on the property before the equalization order is implemented. If, after denial of a protest of the equalized valuation, an appeal to the district court were not allowed, the property owner could be assessed at a value that exceeds the fair market value without a right of review. We do not believe that the legislature intended this result.

In summary, we hold that the district court had authority and jurisdiction to hear the appeal from the board of review's action following revaluation. Under the facts presented in the motion for summary judgment, it is conceded that the fair market value of the property was $226,980. In its ruling on the motion for summary judgment, the district court correctly reduced the assessment on this property to this sum.

AFFIRMED.

lenge to the equalization order, but rather the reassessment of an individual parcel pursuant

to the equalization order.