**STATE of Iowa, Plaintiff–Appellee,**

v.

**Douglas Irwin BECHTEL, Defendant–Appellant.**

No. 87–1558.

Court of Appeals of Iowa.

Nov. 29, 1988.

Dennis Eaton, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Merrell M. Peters, Asst. Atty. Gen., and Henry Kleifgen, Asst. Marion County Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

This is an appeal from a conviction of operating a motor vehicle while under the influence, in violation of Iowa Code section 321J.2. We affirm.

On March 21, 1987, defendant was arrested for operating while intoxicated. At trial, the testimony of arresting Officer

Steven L. Woody of the Pella Police Department and State's Exhibit A established that defendant was tested on the Intoxilyzer Model 4011A at the Pella Police Department. The results of the test showed defendant with an alcohol concentration of .142. A jury convicted the defendant of the aforementioned charge.

At the close of State's evidence and at the close of trial, defendant's counsel moved for a directed verdict. As stated by the defendant, "This appeal is limited to one issue—the denial of the directed verdict."

 The motion for directed verdict was based on two grounds. First, the defendant contends that "[t]he intoxilyzer 4011A is not a reliable instrument with which to determine intoxication." As it relates to this argument, the defendant alleges that the Intoxilyzer Model 4011A has not been approved by the Commissioner since the enactment of Iowa Code section 321J.1(1)(b), which defines alcohol concentration as "the number of grams of alcohol per ... 210 liters of breath." This language was contained in House File 2486, signed into law on May 14, 1984, effective July 1, 1984. *State v. Bock*, 357 N.W.2d 29, 30 (Iowa 1984).

The prior statute referred to "1 percent by weight of alcohol in the blood." *Id.* Defendant argues that the changed standard of "alcohol concentration" requires the Commissioner to issue a new approval. Without this approval, the defendant contends the intoxilyzer test results are not admissible. Before proceeding further, we here note that this contention is without merit. The record before us makes it clear that Model 4011A has been approved by the Commissioner of Public Safety and the specific intoxilyzer used was certified as accurate in October of 1986.

Our review is limited to the motion for directed verdict. The standard of review for such motion was set out by our supreme court in *State v. Aldape:*

In reviewing a motion for a directed verdict based upon insufficiency of the evidence in a criminal case, we view the evidence in a light most favorable to the

State. All of the evidence must be considered, *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980), and all legitimate inferences that may be deducted therefrom will be accepted. *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981). A trial court's refusal to direct a verdict for a defendant will withstand challenge if there is any substantial evidence in the record tending to support the charge. *State v. York*, 256 N.W.2d 922, 927 (Iowa 1977). Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. Robinson*, 288 N.W.2d at 339.

*State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981).

We turn now to section 321J.15, which provides:

Upon the trial of a civil or criminal action or proceeding arising out of acts alleged to have been committed by a person while operating a motor vehicle in violation of section 321J.2, evidence of the alcohol concentration or the presence of drugs in the person's body substances at the time of the act alleged as shown by a chemical analysis of the person's blood, breath, or urine is admissible. If it is established at trial that an analysis of a breath specimen was performed by a certified operator using a device and methods approved by the commissioner of public safety, no further foundation is necessary for introduction of the evidence.

As stated, the defendant was tested on Intoxilyzer Model 4011A. The intoxilyzer records the alcohol content of defendant's lung air and purges the sample into the atmosphere at the completion of a three-stage testing cycle. The device performs a calculation based on a fixed ratio of alcohol in lung air to alcohol in the blood (grams of alcohol per two hundred ten (210) liters of breath) and reports the result as a blood alcohol reading. *State v. Steadman*, 350 N.W.2d 172, 173 (Iowa 1984). In this case, the test showed a blood alcohol level of .142 percent of weight.

Under section 321J.15, the analysis of the breath specimen (.142) is admissible without "further foundation" if it is established at trial (1) that it was performed by a certified operator and (2) that the certified operator used a device and methods approved by the commissioner of public safety. As it relates to these two conditions, we find substantial evidence in the record that each has been established. Thus no further foundation, as it relates to admissibility, was necessary. Moreover, Mr. Monsurate, a witness for the State, gave favorable testimony as to the function and accuracy of the intoxilyzer.

He testified that this particular model was the more accurate of its kind. He further testified that his studies showed a correlation between the blood and urine tests for alcohol concentration and those provided by the intoxilyzer for alcohol concentration in the breath. His testimony further revealed that the intoxilyzer alcohol concentration results actually read slightly lower than the blood and urine results.

The defendant presented contradictory evidence. The jury chose to believe the State's evidence. We find substantial evidence to support the jury's finding.

■ We turn next to defendant's second contention that "Iowa Code Section 321J.1(1)(B) is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 9 of the Iowa Constitution of 1857." As it relates to this claim, defendant asserts that section 321J(1)(b) (1987) "is unconstitutional because the intoxication standard of 0.10 concentration in 210 liters of expired air bears no relationship to intoxication." He bases his argument on a definition of intoxication presented by his expert witness, Mr. Scholes.

Defendant was convicted of violation of Iowa Code section 321J.2 (1987). In relevant part, section 321J.2(1) provides:

1) A person commits the offense of operating while intoxicated if the person operates a motor vehicle while in this state in either of the following conditions:

\* \* \* \* \* \*

b. While having an alcohol concentration as defined in section 321J.1 of .10 or more.

Alcohol concentration for breath is grams of alcohol per "two hundred ten liters of breath." Iowa Code § 321J.1(1)(b).

The legislature has the prerogative of defining its language. *Hawkeye Bancorporation v. Iowa College Aid,* 360 N.W.2d 798, 802 (Iowa 1985). The legislature has served as its own lexicographer. It has defined the term "intoxication" to include an alcohol concentration of .10 or more grams per 210 liters of breath.

We concur with the defendant that there must be a rational basis for the definition in the statute which achieves and has a probative value toward the goal of the State. As the supreme court states in *State v. Bratthauer,* 354 N.W.2d 774, 776 (Iowa 1984):

By a separate provision, the General Assembly has established a presumptive relationship between the blood alcohol level in a defendant's blood and driving under the influence. Section 321.281(8) makes evidence of ten hundredths or more of one percent by weight of alcohol in a defendant's blood "presumptive evidence that the defendant was under the influence of an alcoholic beverage." In rejecting a due process attack on this rebuttable presumption in *State v. Hansen,* 203 N.W.2d 216, 218 (Iowa 1972), this court recognized a rational relationship between the fact shown and the fact presumed. An even greater consistency exists between showing a higher alcohol level and proving the defendant was under the influence of an alcoholic beverage.

As it relates to the circumstances before us, we find there is a rational relationship between intoxication and the measurement of .10 or more grams per 210 liters of breath.

The level of alcohol in the human system bears a rational relationship to the problems that arise from intoxication. As the

State points out, the problem reduces itself to one of quantity of alcohol in the system. We see no difference, at least as it relates to "rational relationship," whether the alcohol is measured in the breath or in the blood.

We conclude that the reasoning employed by the court in *State v. Hansen*, 203 N.W.2d 216, 218 (Iowa 1972), should be extended so as to include alcohol concentration in the breath as well as blood alcohol content. The defendant's challenge as to the constitutionality of section 321J.2 must fail. We affirm the trial court.

AFFIRMED.

DONIELSON, J., concurs.

OXBERGER, C.J., concurs in result only.